UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| RENATE MOORE, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> SPACE COAST CREDIT UNION, <br><br> Defendant. | Civil Action No.: <br><br> Jury Trial Demanded |

# CLASS ACTION COMPLAINT

## Nature of the Action

1. Renate Moore ("Plaintiff") brings this class action against Space Coast Credit Union ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the

1

consumers, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6. Defendant conducts business in this District, directed its prerecorded voice messages to Plaintiff in this District, and Plaintiff received Defendant's calls and prerecorded voice messages in this District.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Broward County, Florida.

8. Defendant is a credit union based in Melbourne, Florida.

9. Defendant serves more than 590,000 members and holds over $8.5 billion in assets.[1]

10. Defendant serves 35 counties, with 64 branch locations that span Florida's east coast, from Flagler to Miami-Dade counties.[2]

11. Defendant offers a range of financial products, including auto loans, mortgages, checking accounts, certificates of deposit, and credit cards.[3]

---

[1]    https://www.sccu.com/about-sccu/ (last visited April 4, 2023).

[2]    *Id.*

[3]     https://www.sccu.com/ (last visited April 4, 2023).

**Factual Allegations**

12. For approximately the last two years and continuing through the present, Plaintiff has been the subscriber to and customary user of telephone number (954) XXX-6067.

13. Since at least 2021 and continuing through the present, telephone number (954) XXX-6067 has been assigned to a cellular telephone service.

14. In approximately late 2021 or early 2022, Defendant began placing calls and delivered artificial or prerecorded voice messages to telephone number (954) XXX-6067.

15. Defendant placed at least one call to telephone number (954) XXX-6067 on March 9, 2023.

16. Defendant placed at least one call to telephone number (954) XXX-6067 on March 13, 2023.

17. In connection with several of its calls to telephone number (954) XXX-6067, Defendant delivered an artificial or prerecorded voice message.

18. For example, on March 9, 2023, Defendant delivered a prerecorded voice message to the voice mail box associated with telephone number (954) XXX-6067 that stated:

> Hello, this is Space Coast Credit Union calling. We've been trying to reach you in regards to an important personal business matter. Please return our call today at 1-800-447-7228, option 3. We look forward to speaking with you.

19. On March 13, 2023, Defendant delivered an identical prerecorded voice message to the voice mail box associated with telephone number (954) XXX-6067 that stated:

> Hello, this is Space Coast Credit Union calling. We've been trying to reach you in regards to an important personal business matter. Please return our call today at 1-800-447-7228, option 3. We look forward to speaking with you.

20. On at least one other occasion, Defendant delivered an identical prerecorded voice messages to the voice mail box associated with telephone number (954) XXX-6067 that stated:

> Hello, this is Space Coast Credit Union calling. We've been trying to reach you in regards to an important personal business matter. Please return our call today at 1-800-447-7228, option 3. We look forward to speaking with you.

21.   When telephone number 1-800-447-7228 is dialed, a prerecorded voice greeting plays that begins, "Thank you for calling Space Coast Credit Union…"

22.   Plaintiff estimates that Defendant has left at least 15 prerecorded voice messages on her cellular telephone voice mail over the past year.

23.   Plaintiff listened to the artificial or prerecorded voice messages Defendant delivered to her cellular telephone.

24.   On at least one occasion, Plaintiff answered a call from Defendant and spoke with a representative of Defendant.

25.   Plaintiff informed Defendant that it was calling the wrong number and that she had no business with Defendant.

26.   No matter, Defendant continued to place calls and deliver artificial or prerecorded voice messages to telephone number (954) XXX-6067.

27.   Upon information and good faith belief, Defendant's records will identify each call it placed to telephone number (954) XXX-6067.

28.   Upon information and good faith belief, Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (954) XXX-6067.

29.   Defendant did not have Plaintiff's prior express consent to place any calls to her cellular telephone number.

30.   Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to her cellular telephone.

31. On February 17, 2023, Defendant sent a text message to telephone number (954) XXX-6067.

32. Defendant's text message referenced a debit card ending in 2734.

33. Plaintiff never provided her cellular telephone number to Defendant.

34. Plaintiff never had any business relationship with Defendant.

35. Plaintiff does not have, and never had, an account with Defendant.

36. Plaintiff does not have a debt card ending in 2734.

37. Plaintiff believes that Defendant's calls and prerecorded voice messages were intended for a person named Marie.

38. Plaintiff is not Marie.

39. Plaintiff does not know Marie.

40. Plaintiff did not authorize anyone named Maria to use her cellular telephone number.

41. Defendant did not place any calls to telephone number (954) XXX-6067 for emergency purposes.

42. Defendant did not deliver any artificial or prerecorded voice messages to telephone number (954) XXX-6067 for emergency purposes.

43. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (954) XXX-6067 under its own free will.

44. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (954) XXX-6067.

45. Plaintiff suffered actual harm as a result Defendant's calls and artificial or prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance, and was forced to spend time trying to determine who the calls were from and how to get them to stop.

46. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

### Class Action Allegations

47. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Space Coast Credit Union placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Space Coast Credit Union, (3) with an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

48. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

49. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

50. The proposed class is ascertainable because it is defined by reference to objective criteria.

51. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

52. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

53. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, in violation of 47 U.S.C. § 227.

54. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though she does not, and never did, have an account with Defendant.

55. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

56. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

58. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

59. There will be little difficulty in the management of this action as a class action.

60. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

61. Among the issues of law and fact common to the class are:

    a. Defendant's violations of the TCPA as alleged in this class action complaint;

7

    b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

    c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

    d. Whether Defendant is liable for artificial and prerecorded messages it delivered to persons who did not have an account with it; and

    e. the availability of statutory damages.

62. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-62.

64. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

65. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    (a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

    (b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: April 6, 2023

*/s/ Jesse S. Johnson*
Jesse S. Johnson
Michael L. Greenwald
Aaron D. Radbil
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
jjohnson@gdrlawfirm.com
mgreenwald@gdrlawfirm.com
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed class